CLERK'S OFFICE U.S. DIST. COURT
AT HARRISONBURG, VA
FILED
March 09, 2026
LAURA A. AUSTIN, CLERK
BY: s/J.Vasquez
     DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| MICHAEL RITENOUR,       ) | |
|    Plaintiff,       ) | Case No. 7:26-cv-00164 |
| )  | |
| v.       ) | |
| )  | By: Michael F. Urbanski |
| JUDGE RONALD MORRIS, et al.,   ) | Senior United States District Judge |
|    Defendants.       ) | |

## MEMORANDUM OPINION

Michael Ritenour, an inmate proceeding pro se, filed this civil action under 42 U.S.C. § 1983 against Orange County Juvenile & Domestic Relations Court Judge Ronald Morris and Barbara Miller, the Clerk of the Orange County Juvenile & Domestic Relations Court. The case is now before the court for review under 28 U.S.C. § 1915A(a). For the following reasons, the court concludes that the complaint must be dismissed for failure to state a claim upon which relief may be granted.

### I.  Background

Ritenour alleges that the "courts" deprived him of due process by interfering with his right to appeal a decision to the Circuit Court of Orange County. Compl., ECF No. 1, at 7. According to the complaint, his appeal to the Circuit Court was denied as untimely, and the "staff clerks" documented that the appeal was "not granted due to expired time frame." Id. Ritenour appears to challenge the validity of that decision, and he seeks to recover monetary damages from Judge Morris and Miller. Id. at 7–8.

## II.     Standard of Review

The court is required to review a complaint in a civil action in which an inmate seeks redress from a governmental entity or employee. 28 U.S.C. § 1915A(a). The court must dismiss a complaint if it is "frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(b)(1). To survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

## III.     Discussion

Ritenour filed suit against the defendants under 42 U.S.C. § 1983. Section 1983 imposes liability on any person who, under color of state law, deprives another person "of any rights, privileges, or immunities secured by the Constitution and laws." 42 U.S.C. § 1983. Having reviewed the complaint, the court concludes that it fails to state a plausible claim for relief under § 1983 against the named defendants.

"The Supreme Court has held that judges are absolutely immune from suit for a deprivation of civil rights brought under 42 U.S.C. § 1983," when such suit arises from judicial actions taken within their jurisdiction. King v. Myers, 973 F.2d 354, 356 (4th Cir. 1992). For purposes of judicial immunity, the scope of a judge's jurisdiction is construed broadly. Stump v. Sparkman, 435 U.S. 349, 356 (1978). "A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of

his authority; rather, he will be subject to liability only when he has acted in the clear absence of all jurisdiction." Id. at 356–57 (internal quotation marks omitted). Here, there is no plausible suggestion that Judge Morris acted outside his judicial capacity or in the clear absence of all jurisdiction. Accordingly, he is entitled to absolute judicial immunity.

Miller is also immune from liability based on the facts alleged. According to the complaint, Miller or a member of her staff merely documented the fact that Ritenour's appeal had been denied as untimely. "[C]ourt clerks enjoy derivative absolute judicial immunity when they act in obedience to a judicial order or under the court's direction." Hamilton v. Murray, 648 F. App'x 344, 345 (4th Cir. 2016). While Miller asserts that his appeal was timely filed, that assertion, even if true, would not deprive Miller of immunity from suit. See id.

Finally, the court notes that any issues Ritenour has with the denial of his appeal can be raised through the "ordinary mechanisms of review" provided by the courts of the Commonwealth of Virginia. Forrester v. White, 484 U.S. 219, 227 (1988). To the extent Ritenour invites this court to review and reject a ruling made by Judge Morris or another judge, the court does not have the authority to do so. See Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005) (explaining that the Rooker-Feldman doctrine bars "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments").

### IV. Conclusion

For the reasons stated, the complaint is **DISMISSED** without prejudice for failure to state a claim upon which relief may be granted. An appropriate order will be entered.

Entered: March 9, 2026

Michael F. Urbanski
U.S. District Judge
2026.03.09
12:44:45 -04'00'

Michael F. Urbanski
Senior United States District Judge